THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: March 31, 2015



G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

___

In Re:

Sean T. Hoskins,                                        Case No. 14-23423-GMH

        Debtor.                                     Chapter 13

___

State of Wisconsin,
Department of Workforce Development,

        Plaintiff,

v.                                               Adversary No. 14-2351-gmh

Zita Cooper-Hoskins,

        Defendant.

___

**DECISION AND ORDER**

___

The State of Wisconsin's Department of Workforce Development (the

"Department") commenced this action against Zita Cooper-Hoskins, debtor Sean Hoskins's non-filing spouse. The Department did not join the debtor as a defendant.

The Department alleges that Cooper-Hoskins fraudulently obtained unemployment benefits by falsely certifying that she was unemployed. CM-ECF Doc. No. 1 at ¶¶ 4–15. The Department does not contend that the debtor was involved in the fraud. The complaint "requests that the Court determine that the debt owed to [the Department] by [Cooper-Hoskins] is not dischargeable under the Bankruptcy Code, render judgment in favor of [the Department] against [Cooper-Hoskins] in the amount of $10,605.31 plus costs of $350.00, and grant [the Department] such other and further relief as is just and proper." CM-ECF Doc No. 1 at 3. The Department alleges that "[t]he debt owed by the defendant [Cooper-Hoskins] to the plaintiff [the Department] for the $10,605.31 unpaid balance . . . plus the $350.00 filing fee . . . is not dischargeable pursuant to 11 U.S.C. §523(a)(2)(A)." CM-ECF Doc. No. 1 at ¶19.

Cooper-Hoskins did not answer the complaint, and the Department has requested that I enter a default judgment. Before entering a default judgment, however, a court must ensure that it has subject matter jurisdiction and determine whether the law authorizes the court to award the relief sought based on the well-pleaded facts. See *State of Ill. v. Chicago*, 137 F.3d 474, 478 (7th Cir. 1998) ("Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further."); *Marshall v. Baggett,* 616 F.3d 849, 852–53 (8th Cir. 2010) ("it is incumbent upon the district court to ensure that the unchallenged facts constitute a legitimate cause of action prior to entering final judgment") (internal quotations omitted); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2688 at 63 (3d ed. 2014) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.").

I

The Department's decision not to sue the debtor takes this case out of the ordinary. The Department's principal allegation against Cooper-Hoskins is that the debt she owes it sounds in fraud, and, therefore, her debt "is not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A)." CM-ECF, Doc. No. 1 at 3. This is misconceived. Because Cooper-Hoskins has not filed a case under title 11, she isn't a debtor. See 11 U.S.C. §101(13). As a result, she cannot obtain a discharge. 11 U.S.C. §1328. Thus, §523(a), which provides for exceptions from discharge, has no application to her. See *Brown v. Kastner (In re Kastner)*, 197 B.R 620, 623–24 (Bankr. E.D. La. 1996).

In briefing its request for a default judgment, the Department has made clear that it seeks a judgment of nondischargeability against Cooper-Hoskins so that a "phantom discharge" will not prevent it from collecting her debt from her community property, such as her wages, in which her spouse, the debtor, also has an interest. The term "phantom discharge" is a short-hand reference to 11 U.S.C. §524(a)(3). Section 524(a)(3) provides that a debtor's discharge operates as an injunction against his creditors' acts to collect a "community claim" (i.e., a prepetition claim for which community property is liable) from postpetition community property, unless that claim is excepted from discharge:

> A discharge in a case under this title—. . . (3) operates as an injunction against the commencement or continuation of an action . . . or an act, to collect or recover from . . . property of the debtor . . . that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is

waived.

11 U.S.C. §524(a)(3).

The Department's goal, therefore, is to establish that the discharge that Hoskins—the debtor—stands to receive under §1328 does not bar it from collecting Cooper-Hoskins' debt from community property. See Wis. Stat. §§766.55, 766.31(2). Section 524(a)(3) allows the Department to achieve this goal if it obtains a judgment that Cooper-Hoskins' debt is a "community claim" and that such debt would have been excepted from discharge under §523 had Cooper-Hoskins filed a bankruptcy case.

The Department's complaint alleges that it has a fraud claim against Cooper-Hoskins. The Department further contends that the fraud claim is a community claim because it may seek to collect the debt Cooper-Hoskins owes out of community property over which the debtor has control. See 11 U.S.C. §§101(7), 541(a)(2).

But the Department's requested relief is a limit on the scope of discharge. Section 524(a) governs this, and the Department's complaint fails even to refer to §524(a). It requests only a declaration that its community claim is excepted from discharge under §523(a)(2). It does so because if the community claim were declared exempt under §523(a)(2), Hoskins's discharge would not limit efforts to collect Cooper-Hoskins's debt from their future community property. See §524(a)(3).

That's the rub. The Department seeks to limit the scope of the *Hoskins's* discharge. See *Roman v. Greiner (In re Greiner)*, 2014 WL 6474067, at *8 (Bankr. D.N.M. Nov. 18, 2014). And the Department neither sued nor joined Hoskins.

While Cooper-Hoskins stands to receive an incidental benefit from Hoskins's discharge, a proceeding to limit the scope of Hoskins's discharge must be brought against Hoskins. Hoskins alone stands to be discharged. In his absence, there is no authority to issue a declaration that limits the scope of his discharge. While there is jurisdiction to adjudicate a claim seeking to limit the scope of the discharge, Cooper-

Hoskins, the only defendant, is not entitled to a discharge. So, neither §523(a), which excepts certain types of debts from a discharge under §§727, 1141, 1228, and 1328; nor §524, which controls the scope of a discharge under those sections, can apply to Cooper-Hoskins. Indeed, nothing in title 11 gives rise to a claim against Cooper-Hoskins.

The Department's fraud claim against Cooper-Hoskins arises under state law. There might be jurisdiction over that claim if, because it is a community claim, it were deemed to relate to Hoskins's bankruptcy. See generally *Matter of FedPak Sys., Inc.*, 80 F.3d 207, 213–14 (7th Cir. 1996); *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161 (7th Cir. 1994). But, regardless, the Department can't use its state-law claim against Cooper-Hoskins as a basis for jurisdiction over a proceeding to declare the scope of Hoskins's discharge under §524(a)(3) in Hoskins's absence. Adjudicating the scope of Hoskins's discharge in his absence presents an unacceptable risk of impairing his ability to protect his interest in the scope of the discharge. See Fed. R. Bankr. P. 7019; Fed. R. Civ. P. 19(a).

## II

The Department's insistence that it need not join the Hoskins in this action is based principally on several bankruptcy court decisions granting innocent spouses' motions to dismiss nondischargeability complaints filed against both spouses when both spouses were debtors. See *Sandler v. Aguilar (In re Aguilar)*, 2009 WL 146155 (Bankr. D.N.M. Jan. 20, 2009); *Midi Music Center, Inc. v. Smith (In re Smith)*, 140 B.R. 904, 912 (Bankr. D.N.M. 1992); *Case v. Maready (In re Maready)*, 122 B.R. 378, 382 (B.A.P. 9th Cir. 1991); *Grimm v. Grimm (Matter of Grimm)*, 82 B.R. 989, 992 (Bankr. W.D. Wis. 1988); *Valley Nat'l Bank of Ariz. v. LeSueur (In re LeSueur)*, 53 B.R. 414, 415 (Bankr. D. Ariz. 1985); *Williams v. Bernardelli (In re Bernardelli)*, 12 B.R. 123 (Bankr. D.Nev. 1981). Typically, the innocent spouses moved to dismiss contending that no §523(a)(2), (4) or (6) claim could be maintained against them because state law did not attribute to them

their spouses' malfeasance or the court was asked to determine whether the innocent spouse was a necessary party to a creditor's nondischargeability proceeding against the wrongdoing debtor-spouse. In these contexts the courts rejected the contention that the innocent spouses were necessary parties because the injunction they would receive might shelter the community property of the wrongdoing spouses. At least where the innocent spouse expresses a desire not to participate, it's unsurprising that courts don't insist on the innocent spouse's presence: If the court determines in a proceeding against the wrongdoing spouse that the debt is nondischargeable, §524(a)(3) provides that neither spouse's discharge will bar collection of the debt from community property. Thus, *where both spouses are debtors*, there is no need for a court to declare separately that the innocent spouse is not entitled to the protection of §524(a)(3) when a creditor pleads against the wrongdoing spouse that she engaged in conduct making the debt nondischargeable. If the creditor obtains a judgment of nondischargeability against the wrongdoing spouse, the creditor's ability to collect that debt from community property follows as a matter of law from §524(a)(3)'s text because that community claim would be one "that is excepted from discharge under section 523".

In all events, none of the Department's authorities, all of which arose in different contexts, persuasively supports its conclusion that it can obtain a judgment limiting the scope of the debtor's discharge by suing only his non-debtor spouse. Nor do any of the cases support a conclusion that the Bankruptcy Code creates a nondischargeability claim against the non-filing spouse or that the bankruptcy court has the authority to adjudicate the Department's claim against the non-filing spouse in the debtor's absence.[1]

---

[1] *In re Strickland*, 153 B.R. 909, 912 (Bankr. D.N.M. 1993), on which the Department also relies, involves the creditor's ability to recover its debt against the wrongdoing spouse's individual property.

III

The Department has requested leave to amend the complaint to join Hoskins, if his joinder is necessary. I grant leave to so amend the complaint; Hoskins must be made a party. See Fed. R. Civ. P. 19(a)(2).

The Department must file an amended complaint joining Hoskins on or before April 15, 2015. This permission to file an amended complaint does not limit any defense that Hoskins may raise to the Department's effort to seek a judgment against him based on the allegations it has pleaded against Cooper-Hoskins.

So ordered.

# # # # #